[No. 24388.   Department Two.   July 17, 1933.]

PACIFIC COAST CEMENT COMPANY, *Appellant*, v. THE
METROPOLITAN CASUALTY INSURANCE COMPANY
OF NEW YORK, *Respondent*.[1]

*Stratton & Kane*, for appellant.

*L. B. Schwellenbach*, for respondent.

MAIN, J.—This action was brought to recover attorneys' fees and costs incurred by the plaintiff in defending an action brought against it, which, it claims, the defendant was obligated to defend and failed to do so. The cause was tried to the court without a jury, and resulted in findings from which it was concluded that no recovery could be had. Judgment was entered dismissing the action, from which the plaintiff appeals.

The controlling facts are not in material dispute, and may be stated as follows: The appellant is a corpora-

[1]Reported in 23 P. (2d) 890.

tion organized under the laws of this state. The respondent, The Metropolitan Casualty Insurance Company, is a corporation organized under the laws of the state of New York and authorized to transact the business of issuing liability policies. The appellant operated a cement plant at View Cove, Alaska. One of its employees therein was E. R. Giese, and as such employee he came under the workmen's compensation law of the territory of Alaska.

January 30, 1929, the respondent executed and delivered, in favor of the appellant, its standard workmen's compensation and employers' liability policy, the purpose and intent of which was to protect and indemnify the appellant against any liability to its employees under the workmen's compensation law of Alaska. August 7, 1929, Giese, while in the employ of the appellant and while the policy was in full force and effect, suffered a severe injury, for which, if he was totally disabled, he was entitled to compensation under the workmen's compensation law of Alaska in the sum of $5,400. The respondent recognized the disability to the extent of $2,700, and forwarded a draft for this sum from its Seattle office, which Giese declined to accept.

April 3, 1930, Giese brought an action against the appellant and the Pacific Coast Engineering Company, an allied corporation, for the sum of $5,400. Subsequently, and on or about May 13, 1930, he brought a second action against the same corporations for $15,-000, claiming that they had been negligent in failing to promptly furnish medical attention after he sustained the injury.

Thereafter, and about June 1, 1930, a conference was held in the office of the respondent at Seattle between its representatives and representatives of the appellant. At this conference, it was suggested by one of

the representatives of the respondent that the attorney, who resided at Ketchikan where the action was pending and whom they had employed to defend the first action, be also employed in the second. To this, the representatives of the appellant stated that they questioned whether the interests of the parties were not somewhat antagonistic in the two actions, and stated that they had no authority to bind the appellant, but any arrangement that was made would have to be submitted to the officers of that company.

After this conference, and on June 4th, the appellant, through its attorney, wrote the attorney for the respondent at Ketchikan a letter in which it was stated, after referring to the second action, that the appellant had decided to employ the law firm of Hellenthal & Hellenthal, of Juneau, Alaska, in the case. On the same date, a letter was written to Hellenthal & Hellenthal calling attention to the $15,000 action and authorizing them to appear and defend that action. Promptly after receiving this letter, Hellenthal & Hellenthal caused an appearance to be entered in the second action, but did not appear in the first.

November 26, 1930, Hellenthal & Hellenthal received a telegram from the attorney at Ketchikan employed by the respondent, in which it was stated, Giese compensation case set for approximately December fifth; made no appearance for the Pacific Coast but filed answer for the insurance company as intervener, and suggested that default probably would be taken against the Pacific Coast company, the appellant, concluding: "Do not like leave company in that disposition but having intervened difficult for me file general denial." Hellenthal & Hellenthal promptly wired a copy of the telegram to the Seattle attorneys for the appellant, and thereupon Hellenthal & Hellenthal were authorized

to appear in the first action, which they did, and were present during the trial thereof.

In the answer in intervention filed in the first action by the attorney for the respondent, liability was admitted to the extent of $2,700, and there was a prayer, based upon the affirmative defense therein, to the effect that the defendant in that action, the appellant here, be required to furnish the plaintiff "with medical, hospital and surgical treatment necessary to cure the plaintiff of his temporary disability."

The present action, as indicated, was brought to recover attorneys' fees and expenses incurred by the appellant in defending the first action. There is here no claim for attorneys' fees or expenses in the second action. There is no controversy over the reasonableness of the amount which the appellant seeks to recover, but the question is solely one of liability. If the appellant voluntarily appeared in the first action and was not required to do so by reason of the failure of the attorney for the respondent to appear for it, then there can be no recovery. On the other hand, if the respondent failed or refused to appear for the appellant in the first action, then that company is liable.

Whether the appearance of the appellant in the first action was voluntary, must largely depend upon the letters written June 4th, one to the attorney for the respondent at Ketchikan and the other to Hellenthal & Hellenthal at Juneau. In each of those letters, there is a suggestion to the effect that the attorneys cooperate in the defense of both actions. When the letters, however, are read in their entirety, it is plain that the appellant was employing Hellenthal & Hellenthal in the second action only. This was the construction put upon the letter by Hellenthal & Hellenthal, because they promptly appeared in the second action and did not in the first. Naturally, the attorney

for the respondent having filed an answer in intervention and taken a position to some extent antagonistic to the interests of the appellant, he could not appear for that company also.

There is some slight dispute in the testimony with reference to what was said in the conference in Seattle above mentioned, as bearing upon whether the appellant indicated a desire to employ attorneys in both actions or only in the second action, and also whether it was disclosed at that conference that the attorney for the respondent would intervene and not put in an answer for the appellant, the defendant there. These conflicts in the testimony are not very material, in view of the fact, about which there can be no controversy, that the representatives of the appellant at that conference had no authority to bind the company.

After considering all the evidence, we think that the conclusion necessarily follows that Hellenthal & Hellenthal were not employed to defend the first action until after they received the telegram from the respondent's attorney at Ketchikan stating that he had put in an answer in intervention and could not consistently file a general denial for the defendants in that action. As we view the case, the appellant did not voluntarily appear in the first action, but was required to do so by failure of the respondent, in accordance with the terms of its policy, to defend the first action.

We have not overlooked the fact that the trial court found that the employment of Hellenthal & Hellenthal was voluntary, but this finding is more in the nature of a conclusion than a finding of fact upon testimony that is in dispute. We are not disagreeing with the trial court upon any fact which is supported and denied by the oral testimony of witnesses, but we are drawing a different conclusion than did that court from the facts which are not in dispute.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment in favor of the appellant.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.